## Ludlow Appeal

*Samuel Sagendorph,* for appellants.
*William C. Cahall,* for appellee.

FORREST, P. J., September 7, 1965.—Henning N. Ludlow and Jeanne C. Ludlow, his wife, are owners of certain premises situate at the intersection of Eastern Avenue and Linden Road, Springfield Township, Montgomery County, Pa. They have been record title-holders of said tract since 1952, and at the time of purchase, the ground area was approximately 44,000 square feet. The major portion of the property is zoned "B" residential to a depth of 200 feet from Eastern Avenue. A small strip, some 12 feet at its widest part, and running along the rear portion of the property, is zoned "D" residential.

Henning N. Ludlow submitted an initial plan to the township engineer which called for the subdivision of his property fronting on Linden Road into two lots. There is some question as to whether this plan was technically submitted to the commissioners and then withdrawn before they were able to proceed after his talks with the township engineer. However, there is no dispute that several discussions did occur between the engineer and Henning N. Ludlow as to certain necessary changes on the initial plan, if it were to be approved. Ludlow stated that as a result of these discussions, the first plan was never presented for approval.

Prior to May 13, 1964, plaintiffs, Henning N. and Jeanne Ludlow, submitted a proposed subdivision to the township commissioners, which plan contemplated the severance of a single corner lot from their property. This proposal for the creation of lot no. 1 was approved on May 13, 1964, and lot no. 1 was sold and built upon.

Subsequent to the approval of the subdivision of lot no. 1, plaintiffs submitted another plan to the township for the subdivision of lot no. 2, that portion of plaintiffs' property abutting Linden Road behind the corner lot, lot no. 1, already approved and subdivided. The township engineer refused to approve the sub-

division of lot no. 2, which lot had a square footage area of under the 8,000 square foot requirement in "B" residential zoned community. It must be remembered that part of lot no. 2, a small 12-foot strip, is in a "D" residential area, requiring square footage considerably less than is presently in the proposed lot no. 2.

After disapproval by the township engineer, the Ludlows made application to the township zoning board of adjustment for the granting of a variance as to the lot area in lot no. 2. On November 30, 1964, the zoning board granted the variance by the following order:

"Petition granted insofar as zoning considerations are concerned. No opinion is expressed with respect to any other requirements of the Township Ordinances, such as lot sub-division as to Lot No. 2. The proposed lot area for Lot No. 2 is well in excess of nearby lot areas on Linden Road".

Plaintiffs then appealed the decision of the township engineer to the board of commissioners. The commissioners also rejected the plan for the following reasons: (1) It does not conform to the required minimum square footage of the zoning ordinance; (2) it does not conform to the zoning ordinance in regard to rear and side yard requirements; and (3) Ludlow was shown how to make the property conform to the various township ordinances and apparently proceeded without attempting to comply. From this decision of the board of commissioners, in light of the variance granted as to minimum square footage requirements, plaintiffs brought this appeal.

Pursuant to section 3061 of The First Class Township Code of June 24, 1931, P. L. 1206, art. XXX-A, as amended, 53 PS §58061, townships of the first class have been granted the power to enact ordinances for the orderly subdivision of property within the town-

ship. Subdivision is defined in section 3064 of The First Class Township Code as the ". . . division of a single lot, . . . into two or more lots, . . . for the purpose, whether immediate or future, of transfer of ownership or building development . . . ." The First Class Township Code contemplates two general types of subdivisions, namely, those which abut existing improved streets of sufficient width (section 3065, 53 PS §58065), and those requiring new streets or widening of existing streets: Section 3066, 53 PS 58066. In the instant situation, plaintiffs' proposed subdivision abuts two streets of sufficient width, and this situation is controlled by that portion of the code.

Section 3063 of the code states:

"Where subdivision regulations have been adopted under the authority of this article, no subdivision of any lot, tract or parcel of land shall be affected; no street, alley, sanitary sewer, storm sewer, water main or other facilities in connection therewith shall be laid out, constructed, opened or dedicated for public use or travel; or for the common use of occupants of buildings abutting thereon, except in strict accordance with the provisions of such regulations".

Where the proposed subdivision abuts roads of sufficient width, subdivision regulations may provide for the submission, initially, of any subdivision proposals to the township engineer or a committee appointed by the commissioners. The determination from the engineer or committee is then appealable to the board of commissioners, whose decision is final: Section 3065 of the Code, 53 PS §58065. Although there is no legislative provision for appeal in this type of situation, it is thought that appeal from the decision of the board of commissioners should lie in quarter sessions court, in the same fashion as appeals are authorized where the subdivision requires additional and widened streets: Section 3066 (f) of The First Class Township

Code, 53 PS §58066 (f). For these reasons, and in light of the fact that plaintiffs' proposal abuts adequate streets, this court felt that appeal from Springfield Township's Board of Commissioners was properly brought in this court.

The function of the board of commissioners, in dealing with subdivision proposals, is to grant or withhold approval, based upon compliance or noncompliance with the subdivision ordinance. The approval is not discretionary, but must be granted if the proposal is within the restrictions of the ordinance. This court has previously stated, in American Veterans Housing Cooperative, Inc., v. Smiley, 64 Montg. 226 (1948), at page 227:

"While a public hearing is provided before the drawing up of regulations, and when a plan is submitted the Commissioners may arrange for a public hearing thereon, [ (d), §3066, supra], the only other things the Commissioners can do after the presentation of such plan are (1) pass upon the question whether the plan complies with the regulations concerning such plans, and (2) alter such plan and 'specify changes or modifications therein, which it deems necessary and may make its approval subject to such alterations, changes or modifications' ".

Based upon the reasons set forth by the township board of commissioners in their rejection, the commissioners invalidly refused plaintiffs' application for subdivision approval. Nowhere in the subdivision ordinance of the township is there a reference to the zoning standards of the township. Further, the reasons set forth for the refusal of the subdivision proposal all suggest noncompliance with the requirements of the township zoning ordinance. The enforcement of zoning matters is peculiarly the province of the zoning board of adjustment. Although it is agreed that plaintiffs' proposal does not meet the requirements of the

zoning ordinance, in minimum square footage and rear and side yard requirements, there is no violation of the township subdivision ordinance raised by the board of commissioners. The proposal must, therefore, pursuant to the theory of American Veterans Housing Cooperative, Inc. v. Smiley, supra, be approved, since it in no way violates the subdivision ordinance. Since the zoning board of adjustment granted plaintiffs a variance, as it is their power to do, and since the proposal meets the requirements of the subdivision ordinance, the approval of the township commissioners is mandatory.

And now, September 7, 1965, the decision of the Board of Commissioners of Springfield Township is reversed and the matter remanded to the board of commissioners to approve the proposed subdivision of plaintiffs' property.